UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARDELL JOSHUA SHAW,

    Plaintiff,

v.

KAREN BRUNSON *et al*.,

    Defendants,

Case No. C08-5481BHS/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
October 23, 2009

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgment (Dkt. # 22). Plaintiff has responded and defendants have replied (Dkt # 23 and 26). This matter is ready for a Report and Recommendation.

## FACTS

    Plaintiff alleges that when he arrived at the Clallam Bay Correction Center in February of 2008, he was issued size 7 shower sandals by Mr. Maxfield who ran the laundry area. Plaintiff alleges that he has a size 13 EE foot and "at least half of my foot were [sic] still left hanging out of the shower shoe." (Dkt. # 5, page 3). Plaintiff alleges the shower room floor is filthy and that

REPORT AND RECOMMENDATION- 1

by April 2008, he had foot fungus on the back half of both feet (Dkt. # 5, page 5). Plaintiff also alleges that while wearing the sandals he felt a popping sensation in his foot. He sought medical treatment and both foot arches were taped to provide support for flat feet.

Plaintiff alleges he filed a grievance over the lack of proper foot wear and that the Superintendent had his grievance appeal from April 15 until May 27 of 2008 (Dkt. # 5, page 5). Review of the grievance response shows Superintendent Brunson signed a grievance appeal response on May 6, 2008, stating that other size shower sandals were on order but had not arrived. It was expected that the shower sandals would have been in by the end of April 2008 (Dkt. # 22 Exhibit 4 level II grievance response). At some point in time Mr. Maxfield left the facility and Mrs. Hatt replaced him. Plaintiff was provided size 14 shower shoes by Mrs. Hatt on May 15, 2008, approximately 79 days after arriving at the facility.

Plaintiff names as defendants the person in charge of the laundry when he arrived, Darrell Maxfield, and Superintendent Karen Brunson. Plaintiff alleges that he suffered a violation of his Eighth Amendment Right to be free from cruel and unusual punishment.

Defendants move for summary Judgment and argue Mr. Maxfield no longer works at the facility and that he was never served. Written discovery infers that Mr. Maxfield retired (Dkt. # 24, Exhibit 8). From the exhibits on file the court knows Mrs. Hatt issued plaintiff proper fitting shower shoes on May 15, 2008. The court assumes Mr. Maxfield was replaced by Mrs. Hatt and that Mr. Maxfield retired prior to the July 31, 2008 filing of this action. There is nothing in the file to show Mr. Maxfield was ever served.

Defendants argue lack of personal participation on behalf of Superintendent Brunson. They also argue there has been no constitutional violation in this case and that the defendants would be entitled to qualified immunity from damages (Dkt. # 21).

REPORT AND RECOMMENDATION- 2

Plaintiff responds and now argues the facility had the proper size shower shoes all along, but, that Mr. Maxfield discriminated against him (Dkt. # 23). He argues the complaint was served on the last known business address for defendant Maxfield.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the

REPORT AND RECOMMENDATION- 3

party contradict facts specifically attested by the moving party. Id. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

*A.  Service of process on defendant Maxfield.*

Federal Rule of Civil Procedure 4(m) provides that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). Service on an address where plaintiff does not receive the service is meaningless. The above analysis and a plain reading of the rule would appear to indicate that dismissal of defendant Maxfield without prejudice is in order. The standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

REPORT AND RECOMMENDATION- 4

There is nothing in the file to indicate Mr. Maxfield is aware of this action and nothing showing any attempt by plaintiff to serve him when the first attempt failed. Plaintiff did not bring the any motion regarding service to the courts attention and it has been over a year since this action was filed. Defendant Maxfield is entitled to **DISMISSAL WITHOUT PREJUDICE**.

   B.     *Personal Participation*.

Defendants argue Superintendent Brunson is entitled to dismissal for lack of personal participation. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Defendants argue Karen Brunson should be dismissed from this action for lack of personal participation (Dkt. # 22). Plaintiff must allege facts showing how defendant Brunson caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).

Defendant Brunson responded to a grievance appeal and the information she provided was that other size shower shoes were on order and should have arrived around the end of April 2008. This response was provided May 6, 2008 (Dkt. # 22, Exhibit 4 level II grievance response). Nine days later plaintiff was issued proper fitting shower sandals. Plaintiff fails to show this defendant played any role in the decision to only carry one size shower shoe, or the decision to issue plaintiff a shower shoe that was too small. Nothing this defendant did caused the alleged violation and this defendant is entitled to **DISMISSAL WITH PREJUDICE** from this action.

    *C.*    *Other arguments*.

Having determined that there is not a defendant who should remain in this action the court should not address the constitutionality of the conduct at issue or the defense of qualified immunity in this case. Addressing those arguments in this specific case would amount to giving an advisory opinion.

## CONCLUSION

The motion for summary judgment should be GRANTED. Defendant Maxfield should be DISMISSED WITHOUT PREJUDICE for failure to serve. Defendant Brunson should be DISMISSED WITH PREJUDICE for lack of personal participation. The court should not

REPORT AND RECOMMENDATION- 6

address arguments as to the constitutionality of the conduct at issue or the defense of qualified immunity.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 23, 2009, as noted in the caption.

Dated this 28th day of September, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 7